O’Neall, J.
In any point of view in which we consider this case, it seems to me that the plaintiffs are entitled to relief.
The defendant signs and seals a paper with blanks for a penal bond, dated 24th June, 1820. Underneath is a condition to pay to the sum of $1031 24, with interest from the date on or before the 1st January, 1821. Can there be a doubt that he intended it as a bond ? The intrinsic evidence of the thing itself, shows that it was so intended; a delivery is to be presumed from the fact that it is found in the possession of the testator; indeed the defendant’s answer does not deny that it was delivered. If the condition had contained the name of the obligee, I should have thought it a perfect single bond. As it is, it can have no legal effect.. The only question is, whether equity will perfect it ? The defendant’s intention to execute it as a penal bond with a money condition underwritten, is, as I have already shown, apparent. That the *13 plaintiffs’ testator received it in the same character, is manifest, from the entry of credit in his books of the same date and for a like sum. Put the case, therefore, upon the footing of either mistake or agreement, and the plaintiffs would have the right to have the blanks filled up, and the bond thus perfected as a legal instrument. It is said, however, that this cannot be done, inasmuch as the defendant in his answer denies that it was intended or considered as a bond. This is fully contradicted by the paper itself and the testator’s books, and cannot be allowed to prevail against them.
But concede that the case must be judged of by the defendant’s answer. He has admitted that he signed the paper exhibited, and that it was intended by Gray and himself to stand merely as a memorandum of a sum assumed to be due, so-that the books might *be closed, and that the amount really due was to be settled at a future day. In this L point of view, he has admitted enough to entitle the plaintiffs to recover. The admission of the signature carries with it an admission of the seal, unless the latter had been denied. The defendant in his statement impliedly admits a delivery to the testator, Gray ; so, that, by specialty, he admits that the sum of $1031 24 is due to the testator, unless it should be reduced by the proposed future settlement. This makes the paper, when the intention of the parties is carried out, a bond for $1031 24.
There is, in this view of the case, no pretence upon which the plea of the statute of limitations can be supported.
It is ordered and decreed, that the Chancellor’s decree be reversed; that it be referred to the commissioner to ascertain and report whether any and what sums are due to the defendant by the plaintiffs’ testator, and that such sums, at the day when due, be deducted from the amount admitted to be due by the paper of the 24th June, 1820, which is hereby set up as the bond of the defendant; and to report whatever balance may still be due to the plaintiffs by the defendant, on account of interest as well as principal due on the said bond, which balance, together with the costs of this suit, the defendant is hereby decreed to pay.
Johnson and Harper, Js., concurred.